[L. A. No. 3848. In Bank.—October 9, 1915.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent, v. CALIFORNIA DEVELOPMENT COMPANY et al., Defendants; SOUTHERN PACIFIC COMPANY et al., Defendants and Appellants; NEW LIVERPOOL SALT COMPANY, Crosscomplainant and Respondent; BOAZ DUNCAN, Intervener and Respondent; W. H. HOLABIRD, Receiver, Respondent.

EQUITABLE LIEN — FORECLOSURE — INJUNCTION — MOTION TO APPROVE AGREEMENT TO SELL PROPERTY IN LITIGATION.—Pending the appeals in *Title Insurance & Trust Co.* v. *California Development Co., ante,* p. 173, the supreme court refuses to entertain a motion for an order approving an agreement for a sale by the appellant Southern Pacific Company to the Imperial Irrigation District of the interest of the former in the subject matter of the litigation.

ID.—CONSTRUCTION OF INJUNCTION—FUNCTION OF APPELLATE COURT—IMPROPER MODIFICATION.—If the object of such motion is to obtain a ruling that the agreement is not a violation of the injunction embodied in the decree, the court is being asked to perform a function not within its appellate jurisdiction; if the agreement be in violation of the injunction, the granting of the motion, in advance of the hearing of the appeals on their merits, would be an improper modification of the decree.

MOTION by the Southern Pacific Company, an appellant in the case of *Title Insurance & Trust Co.* v. *California Development Co., ante,* p. 173, for an order of the supreme court approving an agreement of sale.

The facts are stated in the opinion of the court, and in the opinion in *Title Insurance & Trust Co.* v. *California Development Co., ante,* p. 173.

Eugene S. Ives, Irving M. Walker, and Joseph H. Call, for Appellants.

O'Melveny, Stevens & Millikin, Lee C. Gates, and Walter K. Tuller, for Plaintiff and Respondent.

Page, McCutchen, Knight & Olney, and McCutchen, Olney & Willard, for Respondent New Liverpool Salt Company.

Valentine & Newby, for Intervener and Respondent.

W. B. Mathews, and S. B. Robinson, for Receiver.

SLOSS, J.—The main appeals in the above-entitled action have been disposed of by a judgment this day rendered.

During the pendency of those appeals the Southern Pacific Company, defendant and appellant, together with the Imperial Irrigation District, moved this court for an order approving a certain agreement between the Southern Pacific Company and the said Imperial Irrigation District, dated February 8, 1915. The agreement provided for a sale and transfer by the Southern Pacific Company to the Imperial Irrigation District of the interest of the former in the subject matter of the litigation.

If the object of the motion was to obtain from this court a ruling that the execution of the agreement was not a violation of the injunction embodied in the decree, the moving parties were asking us to perform a function which we do not regard as embraced within our appellate jurisdiction. It is no part of the duty of this court to advise parties or their counsel whether an act, committed or contemplated, constitutes or will constitute a contempt of court. This issue is to be determined primarily by the trial court upon a proceeding before it to punish for an alleged contempt. The interpre-

tation of the decree may be necessary in disposing of the appeal, but there is no occasion to go into it in advance for the mere purpose of guiding the parties in their conduct regarding the subject matter of the litigation.

If, on the other hand, the moving parties regarded the agreement as a violation of the injunction, there would be still stronger reasons for refusing to entertain the application. In that aspect the granting of the motion would amount to a modification of the decree of the court below. Obviously any such modification in advance of the hearing of the appeals on their merits would be improper.

The motion is dismissed.

Shaw, J., Lorigan, J., Melvin, J., and Angellotti, C. J., concurred.